# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

KEITH RUSSELL JUDD,

        Plaintiff,

v.                                      CIVIL ACTION NO.  2:11-cv-00369

SECRETARY OF STATE OF
WEST VIRGINIA et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Keith Russell Judd's complaint filed pursuant to 42 U.S.C. § 1983, alleging that he is being unconstitutionally denied his right to vote and to run for presidential office in 2012 [Docket 1]. Plaintiff seeks a declaration that "all State laws in conflict [with those rights] [are] unconstitutional" and a preliminary injunction precluding their enforcement. (Docket 2 at 1.) Plaintiff also seeks a mandatory injunction to require the State to place his name on the 2012 presidential ballot.

This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition (PF&R), pursuant to 28 U.S.C. § 636(b)(1)(B). On May 25, 2011, two days after Plaintiff filed his complaint, Magistrate Judge Stanley denied his application for waiver of filing fees and costs because Plaintiff failed to submit the appropriate form. (Docket 4 at 1-2.) Magistrate Judge Stanley

directed that the appropriate form be included with her order and mailed to Plaintiff.  (*Id.*)  She further ordered that Plaintiff submit the enclosed appropriate fee waiver form or otherwise pay the $350 filing fee within fourteen days of her order.  On June 23, 2011, Magistrate Judge Stanley submitted proposed findings and recommended that the Court dismiss Plaintiff's complaint with prejudice because he failed to comply with the May 25 Order.  (Docket 8 at 1-2.)  Plaintiff filed objections to the PF&R on July 11, 2011.

Plaintiff objects that he is pursuing a class action lawsuit under Rule 23 of the Federal Rules of Civil Procedure, and he is therefore not subject to the restrictions of the Prisoner Litigation Reform Act (PLRA).[*]  Plaintiff further objects that the Twenty-fourth Amendment to the United States Constitution permits waiver of filing fees in this case.  Based on those arguments, Plaintiff believes the PF&R should be overruled because there are no fees appropriately applicable to this lawsuit.  Plaintiff's first objection is without legal merit.  The PLRA applies to "civil action[s] or appeal[s]" filed by prisoners.  The Court is aware of no statute or court rule limiting the applicability of the PLRA to this proceeding.  *Cf. In re Nassau County Strip Search Cases*, No. 99-CV-2844 (DRH), 2010 WL 3781563, at *8 (E.D.N.Y. Sept. 22, 2010) (applicability of PLRA to class action depends on whether plaintiff brings action while incarcerated or free); *see also Lilly v. Ozmint*, No. 2:07-1700-JFA-RSC, 2007 WL 2021874, at *1 (D.S.C. July 6, 2007) (applying PLRA to case brought by prisoner and purporting to be a class action); *Lewis v. Washington*, 265 F. Supp. 2d 939,

---

[*] The Prisoner Litigation Reform Act ("PLRA") provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three strikes" provision of the PLRA.

942 (N.D. Ill. 2003) (applying PLRA's exhaustion requirement to class action brought by prisoners). Indeed, if the PLRA did not apply to cases initiated by prisoners and styled "class actions," every prisoner-brought lawsuit would be so styled. Plaintiff's second objection finds no support in the text of the Twenty-fourth Amendment or jurisprudence interpreting that provision. In short, the Twenty-fourth Amendment makes no reference to court filing fees, nor has any court interpreted that amendment to extend so far. The argument is utterly meritless. The Magistrate Judge was therefore correct to order Plaintiff to provide the appropriate fee waiver form or pay the $350 filing fee within fourteen days. Accordingly, Plaintiff's objections to the PF&R are **OVERRULED**.

Finally, it must be noted that Plaintiff is a prolific and vexatious litigant who has filed more than 750 cases in federal courts since 1997. *See Judd v. U.S. Attorney General*, No. 2:10-CV-00382-JAW, 2011 WL 1374034 (D. Me. 2011). Restrictions or sanctions have been placed on Plaintiff due to his abusive filings by several federal courts of appeals and the Supreme Court of the United States. *See, e.g.*, *Judd v. U.S. District Court for the Western District of Texas*, 528 U.S. 5, 5-6 (1999). Three districts have barred Plaintiff from further filings under the "three strikes" provision set forth in the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g). *See, e.g.*, *Judd v. Fed. Election Comm'n*, No. 08-1290, 2008 WL 2901643 (D.D.C. 2007). Therefore, in forma pauperis status is appropriately and independently denied on this ground as well.

For these reasons, the Court **ADOPTS** and incorporates herein the proposed findings and recommendation, **OVERRULES** Plaintiff's objections to the PF&R, and **DISMISSES** Plaintiff's complaint [Docket 1]. Plaintiff's Motion to Reopen and Stay Proceedings Pending Decision by

Judicial Panel on Multidistrict Litigation [Docket 10] is **DENIED**. This case is hereby **DISMISSED** and **STRICKEN** from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 6, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE