IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH RUSSELL JUDD,

        Plaintiff,

v.                                        CIVIL ACTION NO.  2:11-cv-00369

SECRETARY OF STATE OF
WEST VIRGINIA et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Keith Russell Judd's "Motion for Relief from Judgment or Order under Twenty Fourth Amendment; and Motion to Amend for Court Order to Register All Convicted and Incarcerated Felons to Vote in all Federal Elections and Caucuses and Democratic National Convention; and for Order to Remove Barack Obama From State's 2012 Presidential Primary Election Ballot/Caucus and Award all Delegates to Keith Judd, Democratic Presidential Candidate" [Docket 25].  For the reasons that follow, the motion is **DENIED**.

Plaintiff, an inmate at FCI Texarkana, Texas, filed a complaint under 42 U.S.C. § 1983 in this Court on May 23, 2011, alleging that he had been unconstitutionally denied his right to vote and to run for presidential office in 2012.  Plaintiff submitted his complaint with an application for waiver of filing fees and costs.  The action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings of fact and a recommendation for disposition (PF&R).  On May 25, 2011, Judge Stanley denied Plaintiff's application to proceed

without payment of the filing fee for failure to submit the appropriate form. She ordered Plaintiff either to file the appropriate application for a fee waiver, which she attached, or to pay the $350 filing fee. Judge Stanley submitted her PF&R on June 23, 2011, in which she recommended summary dismissal of this case due to Plaintiff's failure to comply with the May 25 Order. Plaintiff promptly filed objections.

On September 6, 2011, this Court issued a Memorandum Opinion overruling Plaintiff's objections and adopting the PF&R in its entirety. The Court found that Plaintiff was fully subject to the limitations of the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which bar him from proceeding in this action without prepayment of the required filing fee because he has on three or more prior occasions brought an action that was dismissed as frivolous, malicious, or for failure to state a claim.[1] Contrary to Plaintiff's assertion, the Court also found that the Twenty-Fourth Amendment to the United States Constitution did not limit the PLRA's applicability. The Court therefore found that Plaintiff could not proceed in this action without payment of the filing fee and dismissed this case from its docket.

Plaintiff subsequently filed the pending motion for relief from the Court's Memorandum Opinion and accompanying Judgment Order. Plaintiff's motion reasserts his previous argument that the Twenty-Fourth Amendment excuses him from payment of the Court's filing fee. Plaintiff goes on to challenge the constitutional validity of felon disenfranchisement, to reassert his candidacy for President of the United States, and to request President Barack Obama's removal from the 2012 presidential ballot.

Federal Rule of Civil Procedure 60 governs requests for relief from a final judgment. Under Rule 60, a court may relieve a party from a final judgment or order for these reasons:

---

[1] The PLRA's exception for a prisoner who shows that he is "under imminent danger of serious physical injury" is not applicable in this case. 28 U.S.C. § 1915(g).

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff does not allege any basis for relief under 60(b)'s subparts. Though his renewed argument that the Twenty-Fourth Amendment trumps the PLRA's application in this case could perhaps be interpreted as alleging legal error in the Court's previous Memorandum Opinion, legal error is not a ground for relief under Rule 60(b). *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Further, this argument is as utterly meritless now as it was when the Court issued its earlier Memorandum Opinion. Having previously held that Plaintiff cannot proceed in this action without paying the requisite filing fee, the Court will not revisit its September 6, 2011 Memorandum Opinion or its accompanying Judgment Order.

Accordingly, the Court **DENIES** Plaintiff's motion [Docket 25].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 30, 2013

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE